IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD E. CALIANNO                                                               PETITIONER

    v.                                         CIVIL NO. 12-5028

RAY HOBBS, Interim Director,
Arkansas Department of Corrections                                               RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on February 15, 2012. Respondent filed a Response on March 12, 2012. (Doc. 7). While afforded the opportunity to Reply by April 3, 2012, Petitioner did not file a Reply. The matter is now ready for Report and Recommendation.

**I.     Background:**

On October 2, 2007, Petitioner, Donald E. Calianno, entered negotiated pleas of guilty in the Circuit Court of Washington County to one count of rape and one count of second-degree sexual abuse. (Doc. 7-1, p. 1-3). Petitioner received consecutive sentences of 540 months with 180 months suspended, leaving 360 months to serve. Id. Petitioner was informed of his right to appeal. (Doc. 7-1, p. 3). A judgment and commitment order was entered on October 3, 2007. Id.

On August 12, 2011, pursuant to Arkansas Rule of Criminal Procedure 37.1, Petitioner filed a *pro se* Rule 37 petition for post-conviction relief in the Circuit Court of Washington County. (Doc. 7-2). Petitioner stated that he did not timely file his Rule 37 petition because:

> I was told that I was not allowed to file for a post conviction relief, by signing a plea, by my public defender, and that I was not entitled to an appeal.

(Doc. 7-2, p. 9).

On August 19, 2011, the Circuit Court of Washington County entered an Order denying Petitioner's Rule 37 petition. (Doc. 7-3). On December 13, 2011, Petitioner filed his Notice of Appeal. (Doc. 7-4).

On February 15, 2012, Petitioner brought this petition under 28 U.S.C. § 2254 alleging the following grounds for relief:

> Ground One: Conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
>
> Ground Two: Conviction obtained by a violation of privilege against self-incrimination.
>
> Ground Three: Denial of Effective Assistance of Counsel.
>
> Ground Four: Denial of Right to Appeal.

(Doc. 1, p. 6-15).

On March 12, 2012, Respondent filed a Response to the § 2254 petition now before the Court arguing that Petitioner's claims are time barred, as well as procedurally defaulted by his failure to timely and properly raise these claims in state court. (Doc. 7). Petitioner did not file a Reply.

**II.    Discussion:**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner seeking a writ of habeas corpus to file his federal petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the

-2-

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).  In Arkansas, when a Defendant enters an unconditional plea of guilty, the Defendant is not permitted to file a direct appeal.  See Ark. R.App. P.—Crim. 1(a)("Except as provided by A.R. Cr. P. 24.3(b) [authorizing conditional guilty pleas] there shall be no appeal from a plea of guilty or nolo contendere.").  Accordingly, Petitioner had until October 3, 2008, to file his §2254 petition in this Court.  Petitioner did not file his §2254 petition until January 26, 2012, over three years after the statute of limitations clock expired.  Furthermore, as will be discussed below, Petitioner's Rule 37 petition for post-conviction relief was untimely filed, and therefore did not toll the October 3, 2008 time period with which to file his § 2254 petition in this Court.

Even if Petitioner's claim was found to be timely filed, which it was not, Petitioner's petition for post-conviction relief was untimely filed therefore rendering Petitioners claims for relief procedurally defaulted.   Habeas relief is available to a Petitioner after he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, before seeking federal habeas review, a state prisoner must first fairly present the substance of each of his claims to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them the opportunity to pass upon and correct any constitutional errors made there. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b) & (c).  A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. Interiano v. Dormire, 471 F.3d 854, 856 (8th Cir.2006).  Claims in a federal habeas petition that

AO72A
(Rev. 8/82)

were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. Id.  A federal claim is also procedurally defaulted where a state court has declined to review it due to the petitioner's failure to follow applicable state procedural rules in presenting it. See Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir.), cert. denied, 549 U.S. 1059 (2006). Failure to file a timely state post-conviction petition raising all federal claims, or failure to appeal properly the denial of a post-conviction petition to the highest state court, constitutes a procedural default. Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir.2005), cert. denied, 547 U.S. 1022 (2006). When a claim is defaulted, a federal habeas court will consider it only when the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991); Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006)

In Arkansas, all grounds for post-conviction relief are to be brought in a Rule 37 petition filed in the appropriate state circuit court. Ark. R.Crim. P. 37.1(a), 37.2(b). This includes challenges to the effectiveness of counsel in violation of the United States Constitution. Id. 37.1(a); Huddleston v. State, 339 Ark. 266, 271-72 (Ark.1999).  A Rule 37 petition must be filed within ninety (90) days of entry of judgment on a guilty plea. Ark. R.Crim. P. 37.2(c).  Rule 37's time limitations are jurisdictional, and, where they are not met, a trial court lacks jurisdiction to grant post-conviction relief. See Shabazz v. State, 359 Ark. 525, 527 (Ark.2004)(citing Maxwell v. State, 298 Ark. 329 (1989)).

In the present case, on October 2, 2007, Petitioner entered negotiated pleas of guilty to one count of rape and one count of second-degree sexual abuse in Arkansas state court and was sentenced to 540 months with 180 months suspended leaving 360 months to serve.  On October

3, 2007, the state court entered the judgment and commitment order. Accordingly, Petitioner had 90 days from the date of judgment, or until January 1, 2008, to file a Rule 37 petition in Circuit Court of Washington County. The record revealed that Petitioner filed his Rule 37 petition on August 12, 2011, over three years after the entry of judgment on his guilty plea. On August 19, 2011, Petitioner's Rule 37 petition was denied. Thus, Petitioner's current claims regarding the performance of his trial counsel and his challenge to the validity of his guilty plea are procedurally defaulted. Accordingly, federal habeas review is barred unless Petitioner can make the requisite showing of cause and prejudice or actual innocence. Coleman, 501 U.S. at 750.

Cause requires a showing of some impediment, external to the Petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. Id. at 753. *Pro se* status and unfamiliarity with legal arguments or procedures are not sufficiently external to constitute cause excusing procedural default. Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir.1988). If no cause has been shown, the prejudice element of the procedural default analysis need not be addressed. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Petitioner has failed to establish cause for his procedural default in this case. The Court notes that in Petitioner's § 2254 petition he indicated that his trial counsel told him that he could not file a direct appeal because he had pled guilty, and that the trial court judge denied Petitioner's Rule 37 petition and appeal.  (Doc. 1, pgs. 6-7, 9, 11, 13). As discussed above, Petitioner's trial counsel accurately represented the law to Petitioner, and the trial court judge properly denied Petitioner's Rule 37 petition. Because Petitioner has not established cause for

his procedural default, it is not necessary for the Court to address the question of prejudice. See McCleskey, 499 U.S. at 502.

Petitioner may also overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. Sawyer v. Whitely, 505 U.S. 333, 339 (1992); Cagel v. Norris, 474 F.3d 1090, 1099 (8th Cir.2007) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). Petitioner has not come forward with any evidence of actual innocence. Accordingly, Petitioner failed to overcome his procedural default.

### III. Conclusion

Based on the above, the undersigned recommends that the instant petition be dismissed with prejudice for the reasons stated.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 28th day of January, 2013.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)